UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MONIQUE M. WRIGHT,

    Plaintiff,

v.

GENESIS FINANCIAL SOLUTIONS, INC.,

    Defendant.

Case No. 1:20-cv-01461

## COMPLAINT

NOW COMES Plaintiff, MONIQUE M. WRIGHT, through undersigned counsel, complaining of Defendant, GENESIS FINANCIAL SOLUTIONS, INC. as follows:

### NATURE OF THE ACTION

1. Plaintiff is seeking redress for Defendant's violation(s) of the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. § 227 *et seq*.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

### PARTIES

4. MONIQUE M. WRIGHT ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Waukegan, Illinois.

5. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

6. GENESIS FINANCIAL SOLUTIONS, INC ("Defendant") is a corporation organized and existing under the laws of Delaware.

7. Defendant has a principal place of business at 15220 NW Greenbriar Parkway, Suite 200, Beaverton, Oregon 97006.

1

8. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

## FACTUAL ALLEGATIONS

9. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 0067.

10. At all times relevant, Plaintiff's number ending in 0067 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

11. At all times relevant, Plaintiff was financially responsible for her cellular telephone equipment and services.

12. Plaintiff applied for and received an Indigo Platinum Mastercard Account issued by Genesis FS Card Services.

13. Over time, Plaintiff made personal charges on this credit card.

14. Plaintiff defaulted on payments.

15. Accordingly, Plaintiff started to receive phone calls from Defendant seeking to collect on Plaintiff's $474.72 balance.

16. On numerous occasions, Plaintiff answered.

17. Often times, Plaintiff was met by an automated, machine-operated voice saying: "... please hold for the next representative."

18. Other times, however, these phone calls quickly dropped.

19. Feeling harassed, Plaintiff finally said "[s]top calling!"

20. Unfortunately, these phone calls continued.

21. To date, no less than 15 phone calls have been received from number(s) leading back to Defendant – including, (618) 619-2995; (708) 584-1332 and (815) 860-1880.

22. Defendant's phone calls resulted in aggravation that accompanies persistent and unwanted phone calls, anxiety, distress, increased risk of personal injury resulting from distraction, intrusion upon and occupation of Plaintiff's cellular telephone capacity, invasion of privacy, loss of concentration, nuisance, stress, and wasted time.

23. Concerned with having had her rights violated, Plaintiff sought counsel to ensure that Defendant's unlawful collection practices stopped.

24. Accordingly, Plaintiff is forced to expend energy and/or time consulting with attorneys to put an end to Defendant's unlawful collection practices.

## CLAIMS FOR RELIEF

### COUNT I:
**Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)**

25. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

26. Defendant placed or caused to be placed no less than 15 non-emergency calls, including but not limited to the aforementioned collection calls, to Plaintiff's cellular telephone utilizing an automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice without Plaintiff's consent in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

27. Upon information and belief, based on the automated, machine-operated responses Plaintiff received, Defendant employed an ATDS to place calls to Plaintiff's cellular telephone.

28. Upon information and belief, based on the frequency of dropped phone calls, Defendant employed an ATDS to place calls to Plaintiff's cellular telephone.

29. Upon information and belief, the ATDS employed by Defendant has the *capacity* – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers. *See* 47 U.S.C. § 227(a)(1)(A)-(B).

30. Upon information and belief, Defendant acted through its agents, employees, and/or representatives at all times relevant.

31. As result of Defendant's violations of 47 U.S.C. §227 (b)(1)(A)(iii). Plaintiff is entitled to receive $500.00 in damages for each violation.

32. As result of Defendant's *knowing and willful violations* of 47 U.S.C. §227 (b)(1)(A)(iii), Plaintiff is entitled to receive up to $1,500.00 in treble damages for each violation.

WHEREFORE, Plaintiff requests the following relief:

A. a finding that Defendant violated 47 U.S.C. § 227 *et seq*.;

B. an award of statutory damages of at least $500.00 for each and every violation;

C. an award of treble damages of up to $1,500.00 for each and every violation; and

D. an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: February 28, 2020                          Respectfully submitted,

**MONIQUE M. WRIGHT**

By: */s/ Joseph S. Davidson*

Mohammed O. Badwan
Joseph S. Davidson
Victor T. Metroff
**SULAIMAN LAW GROUP, LTD.**
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
mbadwan@sulaimanlaw.com
jdavidson@sulaimanlaw.com
vmetroff@sulaimanlaw.com